**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CASE NO.: 5:25-CV-189-KDB-DCK**

| | |
|---|---|
| **OPEN ROADS INC. d/b/a BOONE CHRYSLER DODGE JEEP RAM,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**OWNERS INSURANCE COMPANY,**<br><br>**Defendant.** | **AMENDED COMPLAINT AND JURY DEMAND** |

## AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Open Roads Inc. d/b/a Boone Chrysler Dodge Jeep Ram (hereinafter "Plaintiff" or "Open Roads"), by and through undersigned counsel, brings this Amended Complaint to set forth against Defendant OWNERS INSURANCE COMPANY (hereinafter "Defendant" or "Owners," as the context may require) for injuries suffered as a result of the breach of contract, and unfair and deceptive trade practices by Defendant. In support, Plaintiff states and avers as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Open Roads Inc. d/b/a Boone Chrysler Dodge Jeep Ram was and is a North Carolina corporation, with its principal place of business located at 2282 Highway 105, Boone, North Carolina 28607.

2. Upon information and belief, Defendant Owners Insurance Company is a foreign insurance company organized and existing under the laws of the State of Michigan and authorized to transact business and write insurance in North Carolina, including Watauga County. At all times relevant to this Complaint, Defendant was transacting substantial business in North Carolina.

3. All acts and omissions of Defendant as described herein were done by its agents,

servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

**JURISDICTION AND VENUE**

4. Damages sought in this matter are in excess of $75,000.00. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

5. This Court has subject matter jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue on remand is proper in the Western District Court of North Carolina pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1332 by virtue of the fact that (a) a substantial part of the events or omissions giving rise to the claims occurred in this District and (b) Defendants' insurance products are sold to and consumed by individuals in the State of North Carolina, thereby subjecting Defendants to personal jurisdiction in this action and making them all "residents" of this judicial District.

8. Defendants conducted substantial business in the State of North Carolina and in this District, distribute and issue insurance policies in this District, receive substantial compensation and profits from sales of insurance products in this District, and made material omissions and misrepresentations and breaches of warranties in this District so as to subject them to *in personam* jurisdiction in this District.

9. Defendant conducted business in the State of North Carolina through sales representatives conducting business in the State of North Carolina and because Defendant was engaged in testing, developing, manufacturing, labeling, marketing, distributing, promotion and/or selling,

either directly or indirectly, and/or through third parties or related entities, Insurance Products; thus, there exists a sufficient nexus between Defendant forum contacts and the Plaintiff's claims to justify assertion of jurisdiction in North Carolina.

10. Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over Defendant, because Defendant is present in the State of North Carolina such that requiring an appearance does not offend traditional notices of fair play and substantial justice.

## FACTUAL ALLEGATIONS

11. Plaintiff is the owner and operator of a car dealership located at 2282 Highway 105 South, Boone, North Carolina (hereinafter, the "Property").

12. At all times relevant hereto, the Property was insured by Defendant under Policy Number 35505603 (hereinafter, the "Policy"), effective June 16, 2024 through June 16, 2025, and attached hereto as **Exhibit 1**.

13. The Policy provided coverage for direct physical loss or damage to covered property caused by a covered cause of loss, including windstorm and rain entering through storm-created openings.

14. On or about September 27, 2024, Hurricane Helene struck western North Carolina with sustained winds exceeding 80 mph, gusts exceeding 100 mph, and over 20 inches of rainfall in Boone.

15. As a result of Hurricane Helene's high winds and heavy rain, Plaintiff's Property sustained significant damage to the roof and interior from wind uplift and wind-driven rain. Portions of the metal roof and flashing were displaced, creating openings that allowed rainwater to infiltrate the structure, damaging ceilings, insulation, drywall, and electrical systems.

16. Plaintiff promptly notified Defendant of the loss, which was assigned Claim No. 300-0628534-2024.

17. United Claims Service, Inc., an independent adjusting firm hired by Defendant, first inspected the Property approximately one week after Hurricane Helene, and noted roof leaks and water intrusion consistent with wind-driven rain. The inspection also revealed earth movement and mudslide activity **at the rear of the property**.

18. The mudslide activity at the rear of the property had no impact or effect upon the roof and corresponding wind and wind-driven rain damages it sustained.

19. Despite this, on January 16, 2025, Defendant denied the claim, asserting that the loss was excluded as resulting from "earth movement/mudslide/landslide and wind-driven rain with no storm-created opening." **Exhibit 2**.

20. Defendant further denied coverage for business income and additional damages, despite clear policy language providing coverage for water entering through storm-created openings.

21. Plaintiff then retained public adjuster Patrick Lands of InterCoastal Public Adjusters to assist in evaluating and adjusting the claim.

22. On or about April 2025, Plaintiff, by and through Mr. Lands, submitted a Sworn Statement in Proof of Loss to Defendant (attached hereto as **Exhibit 3**), claiming $1,353,354.04 in covered property damage resulting from Hurricane Helene. The Proof of Loss was duly executed and notarized, and included a detailed Xactimate estimate, photographs, and supporting documentation.

23. In support of the Proof of Loss, Plaintiff submitted an itemized damage estimate prepared by InterCoastal Public Adjusters, authored by Patrick Lands, dated April 2, 2025 (**Exhibit 4**).

24. The estimate details extensive replacement of the metal roofing system, gutters, wall panels, insulation, ceilings, wiring, and finishes, all consistent with wind-created openings and storm-driven water intrusion.

25. The InterCoastal estimate, developed using Xactimate software and current North Carolina pricing data, delineates the full scope of loss from Hurricane Helene, corroborating Plaintiff's Sworn Proof of Loss.

26. Defendant denied and rejected Plaintiff's Sworn Proof of Loss on April 22, 2025. **(Exhibit, need Letter)**.

22. Plaintiff then retained Valor Engineers, an independent engineering firm, to inspect the Property. On May 7, 2025, Valor issued a detailed engineering report (**Exhibit 5**) concluding that the roof sustained wind-induced damage from Hurricane Helene, including uplifted fasteners, seam separations, and displaced flashing that created openings through which rain entered the building.

23. Valor expressly determined that the damages were caused by the hurricane and not by long-term deterioration or maintenance issues.

24. Despite receiving Valor's report, Defendant refused to reverse its coverage denial and instead retained Donan Engineering, which inspected the Property on August 18, 2025, and issued a report dated August 22, 2025 (**Exhibit 6**).

25. Donan acknowledged the presence of moisture staining, displaced insulation, corrosion, and active leaks but attributed the damage to "maintenance deficiencies" and "age-related deterioration," rather than wind uplift.

26. Donan's conclusions directly conflict with the photographic evidence, Valor's engineering findings, and sworn statements from dealership employees.

27. Affidavits from dealership employees Mark Lawrence, Don Mele, and Brett Silver corroborate that the building was watertight and in good repair before the hurricane and that significant water intrusion occurred only during and after the storm. (**Exhibits 7, 8, and 9**).

28. Indeed, the dealership's roof had been fully replaced in 2016–2017 by Porter Construction, a licensed roofing contractor. The work included removal of the old roof, installation of new 24-gauge CMP "R" panel metal roofing, insulation, and Lucite acrylic skylights. **(Exhibits 10A and 10B)**.

29. From completion of the 2017 roof project through 2024, Plaintiff experienced no leaks, deficiencies, or roof-related problems, confirming that the roof was in excellent condition prior to Hurricane Helene.

30. Defendant failed to conduct a full, fair, and prompt investigation of the loss, ignored relevant evidence, misrepresented policy provisions, and denied coverage without a reasonable basis.

31. Plaintiff has complied with all conditions precedent under the Policy, including payment of premiums, submission of the Sworn Proof of Loss, and cooperation with Defendant's investigation.

32. Plaintiff repeatedly provided all information and documentation relevant to Plaintiff's contention that the loss is covered under the Policy. Such information was not reasonably considered by Defendant. As such, Plaintiff continues to expend time, energy, and resources to provide estimates, reports, and further information in support of the Claim. However, Defendant has shown no interest in properly reviewing the Policy and facts of the Claim to provide coverage for a covered loss.

33. Defendant's actions and inactions have forced Plaintiff to institute this lawsuit to recover benefits due under the Policy.

**<u>COUNT I</u>**
**Breach of Contract**

34. Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

35. The Policy constitutes a valid and enforceable contract between Plaintiff and Defendant.

36. Defendant breached the Policy by failing to pay for covered losses resulting from Hurricane Helene, despite Plaintiff's full compliance with all policy requirements.

37. As a direct and proximate result of Defendant's breach, Plaintiff has sustained damages in excess of $75,000.00, as well as consequential damages, including but not limited to business income losses, attorney's fees, and costs.

38. Plaintiff is entitled to prejudgment interest at the legal rate of 8%.

WHEREFORE, Plaintiff demands judgment against Defendant of compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

**<u>COUNT II</u>**
**Breach of the Covenant of Good Faith and Fair Dealing**

39. Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

40. Defendant's conduct alleged herein was in bad faith and in violation of the covenant of good faith and fair dealing implied by law into the Policy.

41. Defendant refused to provide any amount of coverage bargained for in the Policy even after being presented with evidence of a valid claim on numerous occasions and, by such refusal, acted with the wrongful intent to save money, and engaged in aggravating and oppressive conduct evidencing a reckless and wanton disregard of Plaintiff's rights.

42. Defendant's actions constitute common law bad faith in one or more of the following particulars:

(a) Breach of the covenant of good faith and fair dealing;

(b) Misrepresenting pertinent facts relating to coverage at issue, particularly regarding the cause of the loss;

(c) Failing to conduct a reasonable investigation of the claim;

(d) Purposefully and repeatedly adhering to a baseless position as to coverage for the Claim, specifically regarding the cause of the loss, despite overwhelming evidence that the loss was caused by wind and wind-driven rain, which are covered losses under the Policy;

(e) Refusing to provide reasonably prompt and clear communications as to why Plaintiff's estimates, reports, and evidence did not support coverage for the claim;

(f) Repeatedly inviting and requesting Plaintiff to spend its time and money gathering more estimates, reports, and other evidence regarding the Claim, only to completely ignore such evidence and continue to deny the Claim;

(g) Failure to promptly and equitably settle a claim when liability became reasonably clear;

(h) Withholding payment without a valid basis;

(i) Misusing its power and authority in such a way to be tantamount to outrageous conduct;

(j) Demonstrating willful and oppressive conduct designed to forestall payment and pressure the insured; and

(k) Other bad faith acts and omissions to be proven through discovery and at trial.

43. As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of $75,000.00. Additionally, Plaintiff is entitled to recover punitive damages from Defendant for the above-described conduct, which was willful and wanton, in the maximum amount permitted by law.

WHEREFORE, Plaintiff demands judgment against Defendant, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

**COUNT III**
**Unfair Claims Settlement Practices and Unfair and Deceptive Trade Practices**

44. Plaintiff realleges and incorporates the preceding allegations as if set forth verbatim herein.

45. Defendant was engaged in the business of selling and adjusting insurance policies in North Carolina, including the Policy at issue, and its actions were in or affecting commerce.

46. Upon information and belief, the conduct of Defendant constitutes unfair claims settlement practices that violate one or more of the subparts of N.C. Gen. Stat. § 58-63-15(11), and Unfair and Deceptive Trade Practices in violation of Chapter 75 of the North Carolina General Statutes, including but not limited to:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g. Compelling Plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amount actually due to such insured;

h. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

i. Purposely failing to act in good faith to effectuate prompt, fair, and equitable settlement of the Claim in which liability had become reasonably clear based on the estimates, reports, and other evidence provided by Plaintiff at the request and invitation of the Defendant;

j. Failing to provide any explanation or communication to Plaintiff regarding why the evidence provided by Plaintiff was insufficient to alter Defendant's denial of Plaintiff's Claim, despite the fact that such evidence overwhelmingly showed that the Property's roof must be replaced and that such replacement was covered by the Policy;

k. Failing to adopt and implement reasonable standards for the prompt investigation and adjustment of claims arising under its policies, including the Claim, and for resolution of those claims under its policies, including the Policy;

l. Purposely refusing to abide by its own standards for prompt investigation and adjustment of claims arising under its policies and attempting to manipulate those procedures for its own benefit;

m. Refusing to consider, review, incorporate, or respond to the evidence provided by Plaintiff in good faith, and otherwise delaying payment of the Claim; and

n. Other particulars as will be adduced through further investigation, discovery, or at trial.

47. More particularly, with Defendant's actual and/or constructive knowledge of Plaintiff's damages and coverage therefore, Defendant unfairly and unlawfully failed to promptly investigate, adjust and pay the Claim in violation of N.C. Gen. Stat. § 58-63, and Chapter 75 of the North Carolina General Statutes. The factually specific statutory violations, in part, are outlined above and said violations, in part, correspond to violations of provisions of North Carolina law found from N.C. Gen. Stat. § 58-63-15(11)(a) through N.C. Gen. Stat. § 58-63-15(11)(n).

48. Defendant's above-described conduct, in violation of N.C. Gen. Stat. § 58-63-15(11), is a per se violation of N.C. Gen. Stat. § 75-1.1.

49. The conduct of the Defendant directly violates N.C. Gen. Stat. § 75-1.1 in that its acts were unfair, unscrupulous, immoral, deceptive, oppressive, and substantially injurious to Plaintiff and was an inequitable assertion of its power and position over Plaintiff under the circumstances.

50. The above-described conduct of the Defendant was not based upon honest disagreement or innocent mistake.

51. The above-described conduct of Defendant was committed intentionally, willfully, and with malice toward Plaintiff.

52. Defendant's actions were accomplished by aggravating or outrageous conduct, including malice, oppression, and reckless or wanton disregard of Plaintiff's rights.

53. Defendant's unfair and deceptive trade acts or practices were in or affecting commerce.

54. As a proximate result of Defendant's unfair claim settlement practices and unfair and deceptive trade acts and practices, Plaintiff has suffered damages in an amount equal to the benefits currently due under the Policy as well as additional damages to be proven at trial.

55. Pursuant to N.C. Gen. Stat. § 75-16, Plaintiff is entitled to treble its damages.

56. Pursuant to N.C. Gen. Stat. § 75-16.1, Plaintiff is entitled to an award of reasonable attorney's fees.

57. Plaintiff's damages are not presently fully capable of admeasurement, but in any event far exceed this Court's jurisdictional threshold of $75,000.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, individually, jointly, severally and in the alternative, and request compensatory damages, punitive damages, together with interest, costs of suit, attorneys' fees, and such further relief as the Court deems equitable and just.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant, and requests compensatory damages, together with interest, cost of suit, attorneys' fees, and all such other relief as the Court deems just and proper as well as:

A. That Plaintiff have and recover from Defendant a sum equal to the amount of $1,353,354.04, the amount provided for in Plaintiff's Sworn Proof of Loss and equal to the benefits due under the Policy, as well as consequential, incidental, compensatory, and other contractual damages to be proven at trial;

B. That Plaintiff be awarded treble damages as provided by N.C. Gen. Stat. § 75-16 and 75-1.1, or at Plaintiff's election, punitive damages;

C. That the Court tax prejudgment interest on the award and post judgment interest on the entire judgment as permitted by law;

D. That the Court tax the costs of this action, including Plaintiff's attorney's fees as provided by the common law and the North Carolina General Statutes, including but not limited to Chapter 75 and 58 thereof, against Defendant;

E. That all issues of fact be tried by a jury; and

F. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 13th day of March, 2026.

*Respectfully Submitted,*

By: /s/

Ryan A. McCollum
HORTON & MENDEZ
6105 Oleander Drive, Suite 102
Wilmington, NC 28403
(910) 221-5140
Email: ryan@hortonmendez.com

***Attorney for Plaintiff***